UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

UNITED STATES OF AMERICA

          -v-                                          10 Cr. 7 (CM)

SANDY ANNABI,
ZEHY JEREIS,
ANTHONY MANGONE,

             Defendants.

------------------------------------------------------------x

### DECISION AND ORDER DENYING GOVERNMENTS REQUEST FOR A PROTECTIVE ORDER

McMahon, J.:

      At the last conference of this matter, held on February 5, 2010, the Government asked the Court to sign a protective order prohibiting the defense from disclosing to third parties, with the exception of otherwise publically available documents and information:

> Any documents and other information provided by the Government to the defense in this action pursuant to Federal Rule of Criminal Procedure Rule 16; Title 18, United States Code, Section 3500; *Brady v. Maryland*; or *United States v. Giglio*, are deemed sensitive.

(Govt's Proposed Order of February 5, 2010). The Defendants objected to the entry of such an order on the ground that, *inter alia*, the order was overly broad. The Court declined to sign the Government's proposed order and asked the parties to brief the issue.

      After reviewing the submissions of the parties (including a revised proposed order by the Government that did not satisfy all the defendants objections), the Court sees no reason to enter a protective order in this case, absent a stipulation between the parties. In the typical case where the Court has issued a protective order, the parties have stipulated to its contents. Rule 16(d)(1) requires the Government to show good cause for the issuance of a protective order over the objection of the defendants. The Government has not even come close to making such a showing. Accordingly, no order shall issue.

      The attorneys for the Government and the defendants in this case are known to this Court for their professionalism and integrity. As such, the Court is satisfied that the Local Criminal Rules,

including Rule 23.1, is sufficient to prevent the disclosure of "sensitive materials." Rule 23 prohibits *inter alia* ". . . the release of non-public information or opinion which a reasonable person would expect to be disseminated by means of public communication . . . if there is a substantial likelihood that . . . it will interfere with a fair trial or otherwise prejudice the due administration of justice." The Court need not issue an order to compel these lawyers to do that which they are already required to do under the rules.

The Government is to begin production of Rule 16 discovery forthwith.

Defendant Mangone's motion for disclosure of certain grand jury testimony is denied as without merit.

This constitutes the order of the Court.

March 23, 2010

_____
Colleen McMahon

BY ECF AND FAX TO:

Jason P.W. Halperin
Perry Anthony Carbone
U.S. Attorney's Office, White Plains
300 Quarropas Street
White Plains, NY 10601
Fax: (914) 993-1980

Susanne Brody
Federal Defenders of New York Inc. (White Plains)
300 Quarropas Street
White Plains, NY 10601
Fax: (914) 997-6872

Anthony Joseph Siano
Sole Practitioner
333 Westchester Avenue
White Plains, NY 10604
Fax: 914-997-4179

James R DeVita
Schoeman, Updike & Kaufman, LLP
60 East 42 Street
39th Floor
New York, NY 10165
Fax: (212) 687-2123