

*United States Attorney*
*Southern District of New York*

United States District Courthouse
300 Quarropas Street
White Plains, New York 10601

November 15, 2012

BY ELECTRONIC MAIL

The Honorable Colleen McMahon
United States District Judge
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

    Re: *United States v. Annabi et al.*, S1 10 Cr. 007 (CM)

Dear Judge McMahon:

  The Government respectfully submits this letter in support of its request for the Court to enter the attached Preliminary Orders of forfeiture against the defendants Sandy Annabi and Zehy Jereis.

  A. **Applicable Legal Principles**

    1. **In General**

  Under Federal Rule of Criminal Procedure 32.2, once a criminal defendant is convicted of the offenses giving rising to the forfeiture allegations in an Indictment, the district court must determine what property is subject to forfeiture and, if appropriate, enter a preliminary order of forfeiture. Although a court may enter a preliminary order of forfeiture prior to sentencing, the court must orally order the forfeiture at the time of sentencing. *See* Fed. R. Crim. P. 32.2(b).2. Criminal forfeiture is "an aspect of sentencing." *Libretti* v. *United States*, 516 U.S. 29, 49 (1995). Because fact-finding at sentencing is established by a preponderance of the evidence, the preponderance of the evidence standard applies to criminal forfeiture. *United States* v. *Bellomo*, 176 F.3d 580, 595 (2d Cir. 1999). Accordingly, the Government must prove by a preponderance of the evidence the amount of proceeds underlying the proposed personal money judgment listed in the Preliminary Order of Forfeiture.

    2. **Property Subject to Forfeiture**

  The applicable statute broadly provides for the forfeiture of "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to [the] violation." 18 U.S.C. § 981(a)(1)(C). In addition to seeking forfeiture of specific property that constitutes or is derived from proceeds traceable to a crime, the Government may obtain a money judgment

Hon. Colleen McMahon, U.S.D.J.
November 15, 2012
Page 2

against the defendant to recover the amount of the crime proceeds. *See, e.g., United States* v. *Baker*, 227 F.3d 955, 970 (7th Cir. 2000) (a forfeiture order may include a money judgment for the amount of money involved in an offense; the money judgment acts as a lien against the defendant personally for the duration of his prison term and beyond); Fed. R. Crim. P. 32.2. The amount of the money judgment should be equal to the gross proceeds of the defendant's crime, without deducting expenses. *See, e.g., United States* v. *Uddin*, 551 F.3d 176, 181 (2d Cir. 2009) (defendant convicted of food stamp fraud was properly sentenced to a forfeiture money judgment equal to the entire loss amount paid by the government, without subtracting the amount of cash that the defendant shared with the food stamp beneficiary); "Because the statute [18 U.S.C. § 981(a)(2)(A)] directs that 'proceeds' are not limited to net profits from the crime, and because any proceeds directly traceable to food stamp fraud are subject to forfeiture, the district court did not commit error by entering a forfeiture order equal to the entire loss amount."); *United States* v. *Nicolo*, 597 F. Supp. 2d 342, 347 (W.D.N.Y. 2009) ("With respect to forfeiture of fraud proceeds under § 981, then, a defendant may be ordered to forfeit all monies received by him as a result of the fraud, regardless of his net profits from the scheme.").

A money judgment is appropriate even if the defendant did not retain the proceeds of his crime or does not have the resources to pay the money judgment. *See, e.g., United States* v. *Day*, 524 F.3d 1361, 1377-78 (D.C. Cir. 2008) (amount of money judgment is not limited to "those assets in the defendant's possession at the time forfeiture is ordered") (citing cases); *United States* v. *Awad*, No. 06 Cr. 600 (DLC), 2007 WL 3120907, at *4-5 (S.D.N.Y. Oct. 24, 2007) ("Where a defendant lacks the assets to satisfy the forfeiture order at the time of sentencing, the money judgment against the defendant is effectively an *in personam* judgment in the amount of the forfeiture order.").

Forfeiture is warranted even if restitution has been ordered or the defendant has repaid some of the funds. *See United States* v. *Pescatore*, 637 F.3d 128, 137 (2d Cir. 2011) (forfeiture and restitution are separate remedies with different purposes; defendant was not entitled to have the Government apply $2.5 million in forfeited funds to a $3 million restitution order); *United States* v. *Newman*, 659 F.3d 1235, 1244 (9th Cir. 2011) (defendant in a bank fraud case is not entitled to a reduction for any funds the bank may have recovered; he must pay a money judgment for the gross proceeds of the fraudulently obtained loans; same for proceeds of bank robbery where bank has recovered some of the money); *United States* v. *Boulware*, 384 F.3d 794, 813 (9th Cir. 2004) (requiring a defendant who obtained a fraudulent loan to forfeit the full amount of the loan proceeds even though the loan was repaid is consistent with the Ninth Circuit rule that defendants may be required to pay restitution and forfeiture of the same amount in the same case without the benefit of offsetting one against the other); *United States* v. *Joel*, 2012 WL 2499424, *3 (M.D. Fla. June 5, 2012) (applying § 981(a)(2)(A); defendant in case involving fraud against a financial institution is liable for forfeiture of the entire amount of a fraudulently obtained loan); *United States* v. *Apazidis*, 784 F. Supp. 2d 159, 167-68 (E.D.N.Y. 2011) (following *Boulware* and *Rudaj, infra*; defendant is not entitled to offset against his money judgment for the amount of the loan he repaid whether the forfeiture is based on proceeds under § 982(a)(2) or money laundering under § 982(a)(1)); *United States* v. *Rudaj*, 2006 WL 1876664,

Hon. Colleen McMahon, U.S.D.J.
November 15, 2012
Page 3

*4 (S.D.N.Y. July 5, 2006) (following *Boulware*; that the defendant paid off the loan with no loss to the lender is no defense to the forfeiture of the property purchased with the loan proceeds).

**B.     Discussion**

As reflected by the foregoing authority, a preliminary order of forfeiture should be ordered against Annabi in the total amount of $1,270,301.99, which represents the total gross proceeds from her crimes. This figure includes $1,060,800 in gross proceeds from counts 7-9 (the loan counts) and $209,501.99, which represents the total gross proceeds from the bribe counts for which she was convicted (Counts 1-3 and 5-6). The forfeiture order should also include all of Annabi's right, title, and interest in the 245 Rumsey Road, Yonkers, New York property that Jereis purchased for Annabi.

The Government also seeks a separate preliminary order of forfeiture against Jereis reflecting the amount of $209,501.99. This figure represents the total gross proceeds from the bribe counts for which he was convicted (Counts 1-4, 6) and is appropriate given that he was Annabi's co-conspirator and in fact received directly at least $35,000 of the proceeds ($20,000 from the Milios and $15,000 from Forest City Ratner).

As reflected in the proposed orders, both defendants are held jointly and severally liable for the gross proceeds of the bribe scheme. They engaged in a conspiracy and the criminal activity was jointly undertaken. Thank you for Your Honor's consideration.

Respectfully submitted,

PREET BHARARA
United States Attorney

By: _____
Perry Carbone / Jason P.W. Halperin
Assistant United States Attorneys
(914) 993-1945 / 1933

cc:     Edward Sapone, Esq.
        (Counsel for Sandy Annabi) (by e-mail)

        Anthony Siano, Esq.
        (Counsel for Zehy Jereis) (by e-mail)

        Sara K. Willette, U.S.P.O. (by e-mail)

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x
                                   :   PRELIMINARY
UNITED STATES OF AMERICA           :   ORDER OF FORFEITURE
                                   :
        -v.-                       :   S1 10 Cr. 007 (CM)
                                   :
ZEHY JEREIS,                       :
                                   :
                Defendant.         :
                                   :
- - - - - - - - - - - - - - - - - x
```

    WHEREAS, on or about May 17, 2011, ZEHY JEREIS (the "defendant"), with another, was charged in an eleven-count Superseding Indictment, S1 10 Cr. 007 (CM) (the "Indictment"), with conspiracy to accept corrupt payments, in violation of 18 U.S.C. § 371 (Count One); conspiring to deprive the City of Yonkers and its citizens of Annabi's honest services, in violation of 18 U.S.C. § 1349 (Count Two); receiving corrupt payments, in violation of 18 U.S.C. §§ 666(a)(1)(B) and 2 (Count Three); giving corrupt payments to a public official, in violation of 18 U.S.C. §§ 666(a)(2) and 2 (Count Four); and extortion, in violation of 18 U.S.C. §§ 1951(a) and 2 (Count Six);

    WHEREAS, the Indictment included a forfeiture allegation as to Count One, seeking forfeiture to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, of all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense alleged in Count One of the Indictment, including but not limited to, at least approximately $174,104.58 in United States currency, a sum of money

representing the amount of proceeds obtained as a result of the offense charged in Count One of the Indictment, for which JEREIS and co-defendant, Annabi, are jointly and severally liable;

WHEREAS, the Indictment also included a Forfeiture Allegation as to Counts Two through Nine, seeking forfeiture to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the said offenses, and all property traceable to such property;

WHEREAS, on or about March 29, 2012, the defendant was found guilty, following a jury trial, of Counts One through Six of the Indictment;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:

1.   1.   As a result of the offenses charged in Counts One through Six of the Indictment, a money judgment in the amount of $209,501.99 in United States currency (the "Money Judgment") shall be entered against the defendant as part of his sentence, as such sum represents the amount of proceeds obtained directly or indirectly as a result of the bribery and fraud violations charged in Counts One through Six of the Indictment, for which the defendant and his co-defendant, Sandy Annabi, are jointly and severally liable.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, upon entry of this Order of Forfeiture, this Order is final as to the defendant, ZEHY JEREIS, and shall be deemed part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

3. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable, in this instance to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Asset Forfeiture Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the defendant's name and case number.

4. Upon execution of this Order of Forfeiture, and pursuant to 21 U.S.C. § 853, the United States Marshals Service shall be authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas, pursuant to Federal Rule of Civil Procedure 45.

6. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

7. The Clerk of the Court shall forward three certified copies of this Order to Assistant United States Attorney Sharon Cohen Levin, Chief of the Asset Forfeiture Unit, United States Attorney's Office, One St. Andrew's Plaza, New York, New York 10007.

8. The signature page of this Order may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

SO ORDERED:

_____          _____
HONORABLE COLLEEN MCMAHON                DATE
UNITED STATES DISTRICT JUDGE

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
                                    :
UNITED STATES OF AMERICA            :
                                    :   PRELIMINARY ORDER
         -v.-                       :   OF FORFEITURE
                                    :
SANDY ANNABI,                       :   S1 10 Cr. 007 (CM)
                                    :
         Defendant.                 :
                                    :
------------------------------------x

        WHEREAS, on or about May 17, 2011, SANDY ANNABI (the "defendant"), with another, was charged in an eleven-count Superseding Indictment, S1 10 Cr. 007 (CM) (the "Indictment"), with conspiring to accept corrupt payments, in violation of 18 U.S.C. § 371 (Count One); conspiring to deprive the City of Yonkers and its citizens of Annabi's honest services, in violation of 18 U.S.C. § 1349 (Count Two); receiving corrupt payments, in violation of 18 U.S.C. §§ 666(a)(1)(B) and 2 (Counts Three and Five); extortion, in violation of 18 U.S.C. §§ 1951(a) and 2 (Count Six); making false statements to a financial institution, in violation of 18 U.S.C. §§ 1014 and 2 (Counts Seven through Nine); and subscribing to false and fraudulent U.S. individual income tax returns, in violation of 26 U.S.C. § 7206(1) (Counts Ten and Eleven);

        WHEREAS, the Indictment included a forfeiture allegation as to Count One, seeking forfeiture to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, of all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense alleged in Count One of

the Indictment, including but not limited to, (a) at least approximately $174,104.58 in United States currency, a sum of money representing the amount of proceeds obtained as a result of the offense charged in Count One of the Indictment, for which Annabi and her co-defendant are jointly and severally liable; and (b) such sum includes, but is not limited to, all right, title and interest of Sandy Annabi, the defendant, in the following:

    i. All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 245 Rumsey Road, Yonkers, New York, Apt. 1B (the "Subject Property");

WHEREAS, the Indictment included a Forfeiture Allegation as to Counts Two through Nine, seeking forfeiture to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, of all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the said offenses, and all property traceable to such property;

WHEREAS, the Indictment also included a Forfeiture Allegation as to Counts Eight and Nine, seeking forfeiture to the United States, pursuant to 18 U.S.C. § 982(a)(2)(A), of any property constituting or derived from proceeds obtained directly or indirectly as a result of the said offenses, and all property traceable to such property;

WHEREAS, on or about March 29, 2012, the defendant was

found guilty, following a jury trial, of Counts One through Three and Five through Eleven of the Indictment;

WHEREAS, pursuant to 21 U.S.C. § 853(g) and Rules 32.2(b)(3) and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, (i) to the entry of a criminal forfeiture judgment, and (ii) pending any assertion of third-party claims, to reduce the Subject Property to its possession and to notify any person who reasonably appears to be a potential claimant of its interest therein;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:

1. As a result of the offenses charged in Counts One through Six of the Indictment, a money judgment in the amount of $209,501.99 in United States currency (the "Money Judgment") shall be entered against the defendant as part of her sentence, as such sum represents the amount of proceeds obtained directly or indirectly as a result of the bribery and fraud violations charged in Counts One through Six of the Indictment, for which the defendant and her co-defendant Zehy Jereis are jointly and severally liable.

2. As a result of the offenses charged in Counts Seven through Nine of the Indictment, a Money Judgment in the amount of $1,060,800 shall be entered against the defendant as part of her sentence, as such sum represents the amount of proceeds obtained

directly or indirectly as a result of the false loan counts charged in Counts Seven through Nine of the Indictment.

3.   As a result of the offense charged in Count One of the Indictment, all of the defendant's right, title, and interest in the Subject Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853.

4.   Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, upon entry of this Preliminary Order of Forfeiture, this Order is final as to the defendant, SANDY ANNABI, and shall be deemed part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

5.   Upon entry of this Preliminary Order of Forfeiture, the United States Marshals Service (or its designee) is authorized to seize the Subject Property and hold the Subject Property in its secure, custody and control.

6.   Pursuant to 21 U.S.C. § 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall publish for at least thirty (30) consecutive days on the official government internet forfeiture site, www.forfeiture.gov, notice of this Preliminary Order of Forfeiture. Any person, other than the defendant in this case, claiming an

interest in the Subject Property must file a petition within sixty (60) days from the first day of publication of the notice on this official government internet site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

7. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Subject Property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title and interest in the Subject Property and any additional facts supporting the petitioner's claim and the relief sought, pursuant to 21 U.S.C. § 853(n).

8. Pursuant to Rule 32.2(b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

9. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Subject Property pursuant to 21 U.S.C. § 853(n) and Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure, in which all third-party interests will be addressed.

10. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable, in this instance to the United States Marshals Service,

and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Asset Forfeiture Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the defendant's name and case number.

11. Upon execution of this Order of Forfeiture, and pursuant to 21 U.S.C. § 853, the United States Marshals Service shall be authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

12. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

13. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Preliminary Order of Forfeiture, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas, pursuant to Federal Rule of Civil Procedure 45.

14. The Clerk of the Court shall forward three certified copies of this Order to Assistant United States Attorney, Sharon Cohen Levin, Chief, Asset Forfeiture Unit, One St. Andrew's Plaza, New York, New York 10007.

Dated: New York, New York
       November    , 2012

                                        SO ORDERED:

                                        _____
                                        HONORABLE COLLEEN MCMAHON
                                        UNITED STATES DISTRICT JUDGE