UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :
UNITED STATES OF AMERICA                      :
                                              :
          - v. -                              :       S1 10 Cr. 007 (CM)
                                              :
SANDY ANNABI and                              :
ZEHY JEREIS,                                  :
                                              :
               Defendants.                    :
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## GOVERNMENT'S SUPPLEMENTAL SENTENCING SUBMISSION

PREET BHARARA
United States Attorney for the
Southern District of New York
Attorney for the United States of America

JASON P.W. HALPERIN
PERRY A. CARBONE
Assistant United States Attorneys
     - Of Counsel -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                 :

UNITED STATES OF AMERICA        :

          - v. -                      :        S1 10 Cr. 007 (CM)

SANDY ANNABI and              :
ZEHY JEREIS,                     :

              Defendants.       :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## GOVERNMENT'S SUPPLEMENTAL SENTENCING SUBMISSION

The Government respectfully submits this memorandum in further support of our request for the Court to order forfeiture against defendants Sandy Annabi and Zehy Jereis and in opposition to Annabi's request for a recommendation to a drug treatment program. For the reasons set forth below and in the Government's letter brief dated November 15, 2012, the defendants' objections to the Preliminary Orders of Forfeiture are meritless. In addition, because Annabi has provided no evidence of a Xanax addiction, her request that the Court recommend her for a drug treatment program should be denied and the matter should be left to the discretion of the Bureau of Prisons ("BOP").

### 1. Both Defendants Are Jointly and Severally Liable for the Total of the Benefits Each Received

Before the November 19th sentencing, the Probation Office conducted a thorough investigation and prepared a report (the "PSR") that was fully disclosed and vetted as required under Federal Rule of Criminal Procedure Rule 32. The PSR specifically addressed the issue of loss relating to the corruption counts. *See* Annabi PSR ¶ 92; Jereis PSR ¶ 92. Because the PSR

determined that the amount of the bribes exceeded $200,000, 12 levels were added pursuant to U.S.S.G. Section 2C.1(b)(1). The Court addressed this enhancement at length at the sentencing and, consistent with the evidence at trial and the jury's verdicts, specifically adopted Probation's findings, i.e., that the amount of the bribes exceeded $200,000. *See* Sentencing Tr. 45-47.

The defendants now ignore the Court's findings at sentencing and instead seek to re-litigate the amount of the corrupt payments. In their request for reconsideration of the Court's findings, defendants both rely heavily on the "dual intent" jury instruction given by the Court as evidence that the jury did not find that all the payments to Annabi were bribes. This argument has no merit.

The Court indeed instructed the jury that it could convict the defendants if it found, among other things, that the payments were partially motivated by friendship. (Tr. 3769-70). But it does not follow from this instruction that the jury found that any of the payments were made *solely* out of friendship. The jury was instructed – and presumably followed the instruction – that in order to convict, it had to find that the payments were motivated in part by corrupt intent. Because they so found, they returned verdicts of guilty on all the corrupt payment counts charged in the Indictment. For this reason, and the reasons set forth in the Government's post-trial and sentencing memorandums, the Court should decline the defendants' invitation to reconsider its decision to adopt Probation's findings.

Jereis's heavy reliance on *United States* v. *Contorinis*, 692 F.3d 136 (2d Cir. 2010), is grossly misplaced. The Second Circuit did *not* hold – as Jereis contends – that a defendant must personally receive the criminal proceeds to be held liable for forfeiture. To the contrary, the Second Circuit clearly held that joint and several forfeiture is appropriate against a defendant even when "others who participated jointly in the crime" receive the proceeds. *Id.* at

2

147. Here, unlike *Contorinis*, both Annabi and Jereis *jointly* participated in the criminal activity.[1]

Thus, the law is well-settled that joint and several liability is appropriate when the criminal activity is jointly conducted. There is no exception to this rule for bribery cases and the Court should decline the defendant's invitation to create one. *See United States v. St. Pierre*, 809 F. Supp. 538 (E.D.La. 2011) ("Although the bribes *paid* by St. Pierre were not acquired by him and are thus not forfeitable by him as his own proceeds, they are forfeitable by him as proceeds to his co-conspirators Meffert and Jones for which he is jointly and severally liable. Just as Meffert will be jointly and several liable in forfeiture for the money acquired by St. Pierre pursuant to the scheme, so too is St. Piere jointly and severally liable for the money Meffert acquired." (emphasis original); *see also United States v. Nicolo*, 597 F. Supp. 2d 342, 350 (W.D.N.Y 2009) ("The government is also entitled to forfeiture ([from Nicolo]) of the roughly $1 million paid by Nicolo to Camarata in kickbacks...").

Further, to the extent that both defendants seek a credit or reduction against the amount of the gross criminal proceeds for funds that may have been repaid, they misapprehend the nature of forfeiture. It is the amount of *gross* proceeds that must be forfeited. *See United States v. Newman*, 659 F.3d 1235, 1244 (9th Cir. 2011) (defendant in a bank fraud case is not entitled to a reduction for any funds the bank may have recovered; he must pay a money judgment for the gross proceeds of the fraudulently obtained loans; same for proceeds of bank robbery where bank has recovered some of the money); *United States v. Boulware*, 384 F.3d 794, 813 (9th Cir. 2004) (requiring a defendant who obtained a fraudulent loan to forfeit the full

---

[1] Jereis's suggestion that the Second Circuit has never considered the issue of joint and several liability is incorrect. Relying on established Second Circuit authority, *Contorinis* itself recognizes the principal of joint and several liability. *Id.* at 147; *see also United States v. Fruchter*, 137 Fed. Appx. 390 (2d Cir. 2005); *United States v. Benevento*, 836 F.2d 129 (2d Cir. 1988).

3

amount of the loan proceeds even though the loan was repaid); *United States* v. *Joel*, 2012 WL 2499424, *3 (M.D.Fla. June 5, 2012) (applying § 981(a)(2)(A); defendant in case involving fraud against a financial institution is liable for forfeiture of the entire amount of a fraudulently obtained loan); *United States* v. *Apazidis*, 784 F. Supp. 2d 159, 167-68 (E.D.N.Y. 2011) (following *Boulware* and *Rudaj*, *infra*; defendant is not entitled to offset against his money judgment for the amount of the loan he repaid whether the forfeiture is based on proceeds under § 982(a)(2) or money laundering under § 982(a)(1)); *United States* v. *Rudaj*, 2006 WL 1876664, *4 (S.D.N.Y. July 5, 2006) (following *Boulware*; that the defendant paid off the loan with no loss to the lender is no defense to the forfeiture of the property purchased with the loan proceeds).

### 2. The Proposed Forfeiture Is Not Grossly Disproportionate

Finally, both defendants claim that the Preliminary Orders of Forfeiture violate the Eighth Amendment. This claim too is frivolous. Forfeiture of proceeds directly attributable to Annabi's and Jereis's bribe scheme and Annabi's false statements convictions do not violate the Excessive Fines Clause since such forfeiture is not grossly disproportional to the offense. The defendants' reliance on *United States* v. *Bajakajian*, 524 U.S. 321 (1998), is misplaced. In *Bajakajian*, the defendant was charged with attempting to leave the United States without reporting that he was transporting more than $10,000 in currency. The defendant was, in fact, transporting $357,144. In considering whether forfeiture of the entire $357,144 would violate the Eighth Amendment's Excessive Fines Clause, the Supreme Court held that "it would, because full forfeiture of respondent's currency would be grossly disproportional to the gravity of his offense." 524 U.S. at 324.

Unlike in *Bajakajian*, the Preliminary Orders of Forfeiture only direct that Annabi and Jereis forfeit the very proceeds of their fraudulent schemes, i.e., the amount of the unlawful payments on the bribe schemes and the gross proceeds of the loans on the false statement counts. In contrast, in Bajakajian, "the funds were not connected to any other crime and th[e] respondent was transporting the money to repay a lawful debt." 524 U.S. at 326. Thus, the circumstances presented here are markedly different.

Finally, the Court should decline defendant Annabi's not-so-generous offer to agree to forfeit her entire interest in the 45 Bacon Place property. As noted in the PSR, the defendant has not made payments on that mortgage since 2009, the mortgage is in foreclosure, and the bank is expected to lose $164,460.68. Thus, there is nothing left for Annabi to forfeit on the Bacon Place Property.

### 3. The Court Should Defer to the Bureau of Prisons to Evaluate Whether Annabi Should Be Admitted to a Substance Treatment Program

At the close of the sentencing, Annabi asked the Court to issue a recommendation to the Bureau of Prisons ("BOP") to permit her to enter the highly coveted substance abuse treatment program as a result of her alleged addiction to Xanax. The Court expressed skepticism and requested additional information. Annabi supplemented her request in a letter dated November 29, 2012. The Government opposes any such recommendation.

Based on all currently available information, the Government disputes the defendant's alleged "need" for addiction treatment and suspects that the defendant's newly discovered Xanax dependency may well be an attempt to game the system. BOP regulations and BOP's program statement permit placement of an inmate in a treatment program that may result

5

in a one-year reduction of her sentence.[2] The decision to enter an inmate into this program is vested in the sound discretion of the BOP, which makes that determination with reference to that agency's procedures. The BOP's decision is made after careful consideration and a determination of whether an inmate has an actual need for treatment and is otherwise eligible for entry into the program.

While it may well be true that Annabi is being medicated for depression and anxiety, she has offered no evidence that she suffers any substance dependency. Indeed, at the sentencing, Annabi submitted a psychiatric report from a forensic psychiatrist, Dr. John Docherty, for the Court's consideration. *See* Exhibit L to Annabi's Sentencing Memorandum. Significantly, Dr. Docherty made no mention of any addiction suffered by Annabi in his analysis of her mental state. Nor did Annabi, who is being seen by another mental health professional who prescribes her the medication that she claims she is addicted to, offer any evidence or opinion from that professional relating to her alleged "addiction" to Xanax.

In sum, given the lack of any objective evidence, the Government is concerned that Annabi's purported newfound "addiction" to Xanax may well be yet another attempt to obtain for herself a benefit without regard to the truth of the claim. In the same way that she offered manufactured e-mails and portrayed herself at sentencing as a naïve, meek woman who had been misled by a man, she appears now to be manufacturing a claim of drug dependency.

---

[2] The BOP Director has been delegated authority to administer the federal prison system. *See Webber* v. *Crabtree*, 158 F.3d 460, 461 (9th Cir. 1998); *United States* v. *Marchese*, 341 F.2d 782; 18 U.S.C. § 4001; 28 C.F.R. § 0.96. That authority includes discretion to reduce the sentences of inmates who have completed a residential substance abuse treatment program. *See* 18 U.S.C. § 3621(e)(2)(B). The Supreme Court has held that by providing that a sentence "may be reduced," Section 3621(e)(2)(B) gives the BOP broad discretion to grant or deny the one-year reduction. *See Lopez* v. *Davis*, 531 U.S. 230, 121 S.Ct. 714, 148 L.Ed.2d 635 (2001) ("When an eligible prisoner successfully completes drug treatment, the Bureau thus has the authority, but not the duty, both to alter the prisoner's conditions of confinement and to reduce his term of imprisonment.").

6

For all these reasons, the Government respectfully requests that the Court make no recommendation on whether Annabi needs treatment for a Xanax addiction and instead defer the decision to the BOP.

Dated:  White Plains, New York
        November 30, 2012

                                         Respectfully submitted,

                                         PREET BHARARA
                                         United States Attorney

By:  _____
     Jason P.W. Halperin / Perry A. Carbone
     Assistant United States Attorneys
     (914) 993-1933 / 1945
     (914) 993-1980 (fax)

`Case 1:10-cr-00007-CM   Document 208   Filed 11/30/12   Page 9 of 9`

## AFFIRMATION OF SERVICE

Jason P.W. Halperin, pursuant to Title 28, United States Code, Section 1746, hereby declares under the penalty of perjury:

That I am an Assistant United States Attorney in the Office of the United States Attorney for the Southern District of New York.

That on November 30, 2012, I caused one copy of the within Government's Sentencing Memorandum to be filed on ECF and to be delivered by electronic mail to:

| | |
|---|---|
| Edward V. Sapone, Esq. | *Counsel for Defendant Annabi* |
| Anthony J. Siano, Esq. | *Counsel for Defendant Jereis* |
| Paula S. Frome, Esq. | *Counsel for Defendant Jereis* |

I declare under penalty of perjury that the foregoing is true and correct. 28 U.S.C. § 1746.

Jason P.W. Halperin
Assistant United States Attorney
(914) 993-1933

Dated:   White Plains, New York
         November 30, 2012